Filed 11/23/20  P. v. Malekmirzayans CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

|  |  |
|---|---|
| THE PEOPLE, | B300345 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA104426) |
| v. | |
| KHAZHIGH MALEKMIRZAYANS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Suzette Clover, Judge.  Affirmed.

Erica Gambale, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Michael C. Keller and Charles J. Sarosy, Deputy Attorneys General, for Plaintiff and Respondent.

_____

A jury convicted defendant Khazhigh Malekmirzayans of assault with a deadly weapon (count 1; Pen. Code,[1] § 245, subd. (a)(1)), making a criminal threat (count 3; § 422, subd. (a)), and felony elder abuse (count 4; § 368, subd. (b)(1)). The jury also found true an allegation that he personally used a deadly weapon (a knife) in the commission of counts 3 and 4. (§ 12022, subd. (b)(1).) The court sentenced him to 16 months in prison on the count of making a criminal threat, imposed and stayed the one-year terms for the weapon enhancement, and imposed and stayed the sentences on the remaining counts pursuant to section 654. Because his custody credits at the time of sentencing exceeded the length of his sentence, defendant was released on parole.

Defendant contends that the court erred by failing to instruct the jury sua sponte on the crime of misdemeanor elder abuse, a lesser included offense of felony elder abuse. We conclude that any error was harmless and affirm the judgment.

**FACTUAL SUMMARY**

In October 2018, Peter Palumbo was 78 or 79 years old. Defendant was 62 years old. For a couple of years, Palumbo had been going to a park near the nursing home where he lived. He occasionally spoke with defendant at the park and, in his words, they would "debate and have different opinions on certain things."

On October 6, 2018, Palumbo was in the park sitting in his walker between two picnic tables with his back against

---

[1] Subsequent statutory references are to the Penal Code.

a wall.  He had drunk a couple of beers.  Defendant was also in the park, about 25 or 30 yards away.

According to Palumbo, defendant walked up to him, said something "about Armenians," and punched him twice with a closed fist—first in his eye and then in the nose.  Defendant then slapped Palumbo numerous times, pulled his hair, held his head back, and placed a knife against his throat.  Palumbo could feel the point of the knife "poking into [his] neck."  Defendant told Palumbo that he would kill him if he called the police.  Palumbo's walker slid out from under him and he fell to the ground.  Defendant then walked away.

As a result of the attack, Palumbo suffered a black eye and a bloody nose.  Palumbo was admitted to the hospital later that day because "[t]hey wanted to check [his] ribs."

A witness to the incident was at the park with his two children.  He was sitting at a table near the defendant, who appeared to be drunk.  Palumbo was about 50 feet away.  Defendant and Palumbo appeared to be yelling and cursing at each other.  Defendant "started getting mad and just attacked [Palumbo] and punched him" "[a]t least five or six times."  Defendant held a knife to Palumbo's throat for about 20 seconds and told Palumbo he "was going to cut him if he didn't shut up."  The witness called 911.

When police apprehended defendant soon after the incident, he had a pocketknife in his pocket and about three drops of blood on his right hand.  An officer described Palumbo as having a bloody nose and observed blood on the pavement near Palumbo.

# DISCUSSION

Defendant was convicted of felony elder abuse under section 368, subdivision (b)(1). This statute provides in relevant part: "A person who knows or reasonably should know that a person is an elder or dependent adult and who, under circumstances or conditions likely to produce great bodily harm or death, willfully causes or permits any elder or dependent adult to suffer, or inflicts thereon unjustifiable physical pain or mental suffering" is guilty of a crime punishable as a felony or a misdemeanor.[2]

Subdivision (c) of section 368 makes the same conduct a misdemeanor if it is committed "under circumstances or conditions *other than those* likely to produce great bodily harm or death." (Italics added.) Misdemeanor elder abuse is thus a lesser included offense of felony elder abuse. (*People v. Racy* (2007) 148 Cal.App.4th 1327, 1335.)

The court instructed the jury as to felony elder abuse; that is, that the People were required to prove, among other elements, that defendant "inflicted suffering on . . . Palumbo under circumstances or conditions likely to produce great bodily harm or death." Defendant contends that the court erred by failing to instruct the jury that it could find defendant guilty of misdemeanor elder abuse because there was a factual issue as to whether his assault on Palumbo was made under circumstances or conditions likely to produce great bodily harm or death.

In criminal cases, trial courts have a sua sponte duty to " ' "instruct on the general principles of law relevant to the

_____

[2] Great bodily harm "means a significant or substantial physical injury." (§ 12022.7, subd. (f); see § 368, subd. (b)(2).)

4

issues raised by the evidence." ' " (*People v. Breverman* (1998) 19 Cal.4th 142, 154.)  This includes the duty to instruct " 'on lesser included offenses when the evidence raises a question as to whether all of the elements of the charged offense were present [citation], but not when there is no evidence that the offense was less than that charged.  [Citations.]' " (*Ibid.*)

"We independently review a trial court's failure to instruct on a lesser included offense." (*People v. Cook* (2006) 39 Cal.4th 566, 596.)

In a noncapital case, if the court erred in failing to instruct on a lesser included offense, we review the record to determine whether the error was prejudicial under *People v. Watson* (1956) 46 Cal.2d 818 (*Watson*).  (*People v. Beltran* (2013) 56 Cal.4th 935, 955.)  " '[U]nder *Watson,* a defendant must show it is reasonably probable a more favorable result would have been obtained absent the error.' "  (*Ibid.*)  We focus on what "a jury is *likely* to have done in the absence of the error under consideration.  In making that evaluation, [we] may consider, among other things, whether the evidence supporting the existing judgment is so *relatively* strong, and the evidence supporting a different outcome is so *comparatively* weak, that there is no reasonable probability the error of which the defendant complains affected the result." (See *People v. Breverman, supra,* 19 Cal.4th at p. 177.)

Here, even if we assume that the court erred by failing to instruct as to the lesser offense, defendant has failed to show that the error was prejudicial.  The defendant hit defenseless Palumbo, a man in his late 70's, with a closed fist twice in the face, resulting in a black eye and a bloody nose.  He continued to hit or slap Palumbo numerous times causing him to fall to the

ground.  In addition, defendant held a knife to Palumbo's throat with enough pressure to give Palumbo the feeling that it was poking him.  Even if the knife assault did not cause an injury, the evidence supports a strong inference that the circumstances and conditions of the attack made great bodily injury likely.  The alternative inference needed to support the lesser offense—that great bodily injury was not likely—is relatively weaker.  (See *People v. Breverman, supra*, 19 Cal.4th at p. 177.)  Defendant has therefore failed to establish a reasonable probability that he would have obtained a more favorable result if the jury had been instructed as to the lesser offense.

## DISPOSITION

The judgment is affirmed.
NOT TO BE PUBLISHED.


ROTHSCHILD, P. J.

We concur:



BENDIX, J.



FEDERMAN, J.*

---

* Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6